IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRAVIS LORREN GRAY,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSON,<br><br>Respondent. | Cause No. CV 18-32-BLG-SPW-TJC<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Travis Lorren Gray's application for writ of habeas corpus under 28 U.S.C. § 2254. Gray is a state prisoner proceeding pro se.

## I. Background

Gray was convicted of Sexual Intercourse without Consent in Montana's Fourteenth Judicial District, Musselshell County in July of 2015. He was sentenced to the Montana Department of Corrections for fifteen years, with 10 of those years suspended. In his current petition, Gray challenges certain conditions of his sentence, which restrict his access to the internet via a computer or cell phone.

Gray did not file a direct appeal. (Doc. 6 at 1, ¶ 8). He also did not apply for sentence review, *id*. at ¶ 9; he did not file a petition for postconviction relief;

1

and he did not seek state habeas relief. *Id*. at 2, ¶¶ 11-14.

Upon review of his Amended Petition, this Court ordered Gray to show cause as to why his petition should not be dismissed as time-barred and procedurally defaulted. (Doc. 7.) Gray timely responded. (Doc. 8.)

While the instant matter was pending, Gray filed a petition for habeas relief with the Montana Supreme Court. See, *Gray v. Guyer*, OP 18-0715, Pet. (filed Dec. 21, 2018).[1] The petition Gray filed with the Montana Supreme Court was nearly identical to his federal habeas petition. Cf., *Id*. with (Doc. 1.)

On January 8, 2019, the Montana Supreme Court denied Gray's petition. *Gray v. Guyer*, OP 18-0715, Or. (Mont. Jan. 8, 2019). The Court first found Gray's state petition to be untimely, and that he could have challenged the probationary conditions in 2015 on direct appeal. *Id*. at 1. Despite the untimeliness, the Court also determined that Montana law provided the district court with statutory authority to impose conditions restricting Gray's access to social media. *Id*. at 1-2, citing Mont. Code Ann. §46-18-202(1)(c) & (1)(g).[2] The

---

[1] All state court orders and briefing available at: https://supremecourtdocket.mt.gov/ (accessed Feb. 4, 2019).

[2] This statute provides:
The sentencing judge may also impose any of the following restrictions or conditions on the sentence provided for in 46-18-201 that the judge considers necessary to obtain the objectives of rehabilitation and the protection of the victim and society:
…

2

Court held Gray failed to demonstrate that his sentence or incarceration was illegal. *Id*. at 2.

### III. Analysis

Although this Court is not convinced Gray should be excused from his untimely filing, the Court will disregard procedural bars and will instead examine the merits of Gray's petition.  See, *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); 28 U.S.C. § 2254(b)(1)(A); 28 U.S.C. § 2244(d)(1).  As explained below, because Gray's claims do not survive deferential review under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), his petition should be denied.

    **i.**    **Application of AEDPA**

Because Gray filed his federal habeas petition after April 24, 1996, his petition is governed by the AEDPA, 28 U.S.C. §2254.  *Woodford v. Garceau*, 538 U.S. 202, 204 (2003).  Under §2254(d)(1), a federal court must deny habeas relief with respect to any claim adjudicated on the merits in a state court proceeding unless the proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

---

restriction on the offender's freedom of association;
…
any other limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society.

Upon federal review, there is a highly deferential standard for state court rulings which "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 776, 773 (2010). The petitioner carries the burden of proof for this standard, and it is "difficult to meet." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). For relief to be granted, "a state court merits ruling must be so lacking in justification that there was an error . . . beyond any possibility for fair minded disagreement." *Bemore v. Chappell*, 788 F.3d 1151, 1160 (9th Cir. 2015).

Gray argues that the offending conditions, which prevent him from accessing the internet/social media via a cell phone or computer, infringe upon his First Amendment right of freedom of expression and were imposed in violation of his Fourteenth Amendment right to due process. See e.g., (Doc. 1 at 2-3.) Although Gray presented the same constitutional arguments to the Montana Supreme Court, Gray's state habeas petition was denied purely on state law grounds; specifically, under Montana law, the sentencing conditions were legal and Gray's access to social media was lawfully restricted.

Although he references federal constitutional violations, Gray's challenge to his sentence involves the interpretation of state sentencing law. Federal habeas corpus relief is unavailable for alleged errors in the interpretation or application of state sentencing laws by either a state trial court or appellate court. See, *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Cacoperdo v. Demosthenes*, 37 F. 3d 504, 507

(9th Cir. 1994); *Souch v. Schaivo*, 289 F. 3d 616, 623 (9th Cir. 2002)(petitioner's state law sentencing claims insufficient to merit federal habeas relief); *Peltier v. Wright*, 15 F. 3d 860, 861-62 (federal habeas corpus relief is unavailable for alleged errors in interpretation and application of state law). On federal habeas review, the question "is not whether the state sentence committed state-law error," but whether the sentence imposed on the petitioner is "so arbitrary or capricious as to constitute an independent" due process violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992).

Gray has failed to make the requisite showing. He was informed of the sentencing conditions in 2015. These conditions apparently became an issue upon his release from custody in 2017, and Gray's parole was ultimately rescinded. See e.g., (Doc. 6-1 at 3.)[3] But Gray has failed to establish that the conditions imposed were so arbitrary and capricious as to offend constitutional notions of fairness. Gray cannot transform this state law issue into one of federal constitutional import by merely asserting a violation of due process. See, *Langford v. Day*, 110 F. 3d 1380, 1389 (9th Cir. 1996).

Because the Montana Supreme Court's denial of Gray's claims was not

---

[3] See also, September 2017 Montana Board of Pardons and Parole Decisions, indicating Gray's parole was rescinded and that he would be scheduled for annual review in 2018. Available at: https://bopp.mt.gov/Dispositions (accessed February 4, 2019).

objectively unreasonable, this Court must afford deference to the decision under 28 U.S.C. §2254.

### ii. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability (COA) should be issued as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because Mr. Gray has not made a substantial showing of denial of a constitutional right. There are no close questions or reasons to encourage further proceedings.

Based upon the foregoing, the Court makes the following:

### RECOMMENDATION

1. Mr. Gray's Amended Petition, (Doc. 6), should be DENIED, as his claims do not survive deferential review under 28 U.S.C. § 2254(d).

2. The Clerk of Court should be directed to enter, by separate document, a

judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Gray may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Gray must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 22nd day of February, 2019.

_____
Timothy J. Cavan
United States Magistrate Judge

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Gray is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.